### MARIGNY vs. REMY.

Appeal from the court of the first district.

Martin, J. delivered the opinion of the court. The plaintiff states the defendant having purchased from the plaintiff's intermediat vendee, two lots and a half of ground, engaged in

One may have an action, on a stipulation in his favor, in a deed to which he was not a party.

3ns607
52 1250

East'n. District.
*May* 1825.

MARIGNY
*vs.*
REMY.

the deed of sale, to pay the price to the plaintiff, in lieu of his, the defendant's vendor, and afterwards sold the premises to Reneau. That neither the capital nor interest being paid, the plaintiff obtained judgment against Reneau, on which the premises were sold, and there remains due to the plaintiff, on said judgment, $415 93, which he claims from the defendant, with damages and costs.

The defendant pleaded the general issue, ad had a verdict and judgment. The plaintiff appealed.

The allegations of the petition appear proved by notarial acts, and the record of the suit against Reneau.

It appears that the judge *a quo* charged the jury in favor of the defendant, stating the plaintiff had no cause of action; as the defendant in the bill of sale, he received from the plaintiff's immediate vendor, did not bind himself *to* the plaintiff, and consequently, there was no privity of contract between the parties to the suit. The plaintiff's counsel excepted to this part of the judge's charge.

We are unable to see any difference in the facts of this case, and that of the *Mayor & al. Bailey,* 5 *Martin,* 321, in which we held that

one may have a direct action, on a stipulation in his favor, in a deed to which he was not a party. See also, *Duchamp* & *al.* vs. *Nicholson*, decided in July last, 672. 2 *Variæ Resol.* 700, *n.* 18. 1 *Pothier, Obligations*, 45, *n.* 58, 60. *id.* 54, *n.* 71, 72. *ff.* 45, 1, 38, *sec.* 20, 22, 7 *Hulot* 19, *Paillette, Code Civil* 7, *art.* 1121 and 1165. 10 *Pandectes Francaises*, 160 161. 6 *Toullier*, 164, *n.* 448, 449, and our own *Civil Code*, 262, *art.* 21.

The defendant's liability was not dissolved by the plaintiff recovering part of his claim from the former vendee.

We consider the district judge erred.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the verdict set aside, and the case remanded with directions to the judge to proceed thereon, as if there had been no trial and not to charge the jury that, the plaintiff had no cause of action, because the deed of sale to the defendant containing no stipulation by which he bound himself *to* the plaintiff, the latter cannot have a direct action against the defendant, for want of privity, and it is ordered

East'n. District
*May* 1825.
that the defendant and appellee pay costs in this court.

MARIGNY
*vs.*
REMY.

*Dumoulin* for the plaintiff, *Cannon* for the defendant.